UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: JAMES FULMER, JR., and : <br> HELEN FULMER, : <br> Debtors : | Chapter 7 <br> Case No. 5-14-05010 |

| | |
|---|---|
| **WILLIAM G. SCHWAB, Trustee for the** : <br> the Estate of James & Helen Fulmer, : <br> Movant, : <br> vs. : <br> **INTERNAL REVENUE SERVICE,** : <br> **PA DEPARTMENT OF REVENUE,** : <br> **SCHUYLKILL COUNTY TAX CLAIM BUREAU,** : <br> **TAMAQUA BOROUGH,** : <br> **TAMAQUA SCHOOL DISTRICT,** : <br> **STANLEY HUEGEL and** : <br> **CHRISTINE HUEGEL,** : <br> Respondents : | |

## MOTION TO SELL REAL AND PERSONAL PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS AND ENCUMBRANCES

AND NOW COMES, WILLIAM G. SCHWAB, ESQUIRE, Trustee in bankruptcy in the above-captioned Chapter 7 proceeding and makes this Motion, respectfully stating in support thereof:

1. Movant, WILLIAM G. SCHWAB, ESQUIRE, is the duly appointed, qualified and acting Trustee in bankruptcy in the above-captioned proceeding, having his place of business at 811 Blakeslee Boulevard Drive East, Lehighton, Pennsylvania 18235.

2. This Court has jurisdiction of the matter pursuant to 28 U.S.C. 157 and 28 U.S.C. 1334.

3. On the date the petition was filed there existed real and personal property of the estate located at 209 West Broad Street, Tamaqua, Schuylkill County, Pennsylvania, which the Debtors have an interest in.

4. The Trustee wishes to sell the real and personal property to the current first mortgage holders of the property, **STANLEY HUEGEL and CHRISTINE HUEGEL,** via a credit bid of $75,000.00 from the existing mortgage, less a $5,000.00 carve out.

5. The Trustee is basing this Motion for Sale on the currently filed Claim of Exemptions (Schedule C) of the Debtor and relying on same to make this sale cost effective to the creditors of the estate.

6. The Respondents named in the above caption, may have a recorded equitable and/or unrecorded lien(s) on the property, including the possibility of administrative claim.

7. This Motion to Sell Real Property Free and Clear of Liens and Encumbrances has been filed by the Trustee because the offer approximates the fair market value and will result in some benefit to the unsecured creditors.

8. Pursuant to 11 U.S.C. § 363(b)(1), the Trustee, after notice and a hearing, may sell l property of the estate.

9. Pursuant to 11 U.S.C. § 363(f), the Trustee may sell property under subsection (b) free and clear of any interest in such property of an entity other than the estates if one of the following conditions are met:

> (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest,
> 
> (2) such entity consents;
> 
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> 
> (4) such interest is in bona fide dispute; *or*
> 
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

10. To the extent that any objections are timely filed to the sale, the Trustee believes he will be able to satisfy one of the afore-described conditions to permit the sale to proceed under Section 363(f) of the U.S. Bankruptcy Code.

11. The Trustee further requests the Court to allow distribution of the proceeds from the sale of the real estate at settlement, pursuant to the priority of the United States Bankruptcy Court as follows:

> a. Any out-of-pocket expenses advanced by WILLIAM G. SCHWAB, ESQUIRE, in connection with the sale of the aforementioned property, and which have not been reimbursed at the time of settlement, along with a reserve of Three (3%) percent for a potential Trustee commission to be held until further Order of Court;

b. Any notarization and/or incidental recording fees associated with the sale of the above property;

c. Any transfer tax which is the responsibility of the seller herein;

d. Any unpaid real estate taxes and other municipal claims/liens arising from property;

e. Any other unpaid liens shall attach to the remaining proceeds; and

f. The balance of the proceeds shall be held in the Trustee's escrow account.

12. The Trustee requests the Court to issue a date by which responses, if any, objecting to the sale of the real and personal property free and clear of liens and encumbrances may be filed, and to grant the requested relief, to wit, to hold the sale of the aforementioned
real and personal property free and clear of any liens and encumbrances between the estate and STANLEY HUEGEL and CHRISTINE HUEGEL.

WHEREFORE, Trustee prays your Honorable Court to issue a notice to creditors indicating on such the final date for filing answers or objections to the within Motion, and following the time set for answers or objections, to enter an Order granting relief to sell the aforementioned property fee and clear of all liens and encumbrances, other than the first mortgage held by Stanley & Christine Huegel, including but not limited to any liens and encumbrances and to allow the Trustee to execute all papers and documents necessary to transfer said real estate and to effectuate said sale.

**WILLIAM G. SCHWAB & ASSOCIATES:**

By: /s/: William G. Schwab
**WILLIAM G. SCHWAB, ESQUIRE**
Attorney for Trustee
Attorney ID #23081
811 Blakeslee Blvd. Drive East
PO Box 56, Lehighton, PA 18235
(610) 377-5200, (610) 377-5209 (FAX)

3-4-15.era.Fulmer-18315-2.4